## CONTINENTAL JEWELRY CO. v. CUNNINGHAM. (No. 1457.)

(Court of Civil Appeals of Texas. El Paso. March 22, 1923. Rehearing Denied April 26, 1923.)

Trial ⬅️132—Argument of counsel held prejudicial warranting reversal, where explanation on objection contained no withdrawal.

In an action by a jewelry company to recover the value of an assortment of jewelry alleged sold under a written contract, wherein plaintiff introduced depositions of two of its employees, argument of defendant's counsel that plaintiff's office contained large numbers of ready-made depositions, such as those introduced, that such depositions were merely taken from such supply, which was indicated to be some five feet high, and that plaintiff had instituted hundreds of other lawsuits of the same nature, and in each of them had used the same depositions taken from the regular stock, *held* highly prejudicial warranting reversal, and not cured by an explanation which amounted to more a justification than an explanation, and contained no suggestion of withdrawal.

Appeal from Callahan County Court; J. R. Black, Judge.

Action by the Continental Jewelry Company against G. W. Cunningham. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

W. C. Tisdale, of Baird, for appellant.
Geo. W. Outlaw, of Sweetwater, and B. L. Russell, of Baird, for appellee.

WALTHALL, J. Appellant, a corporation, brought this suit to recover of appellee the sum of $276 and interest, the value of an assortment of jewelry alleged to have been sold by appellant to appellee under a contract in writing purporting to be an acceptance of an order for the jewelry upon the terms and conditions of the writing, itemizing the goods and stating the terms upon which the payments are to be made, and stating other terms and conditions not necessary to mention. Appellant alleged the delivery of the goods as per the contract and the failure and refusal of appellee to pay for same.

Appellee answered by general denial, and alleged that the written contract sued upon was not the contract upon which the goods were shipped to him, and that the writing was only a part of a parol contract made with appellant's agents; that the writing was signed by him as an order for an upright display case, and that the jewelry was shipped to him subject to his approval, and that, if the jewelry was as good as the samples exhibited by appellant's agent, appellee was to keep and pay for them, and, if not as good as the samples and approved, the goods were to be returned; that the goods were not as good as the samples exhibited and were returned to appellant; that he was induced to sign the written order by false and fraudulent representations of appellant's agent; that the writing was merely an order for the upright display case, and not an order for the goods.

The case was tried with a jury and submitted upon the two special issues as follows:

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(1) Did the agent of the Continental Jewelry Company, who consummated the contract with Mr. Cunningham, make false representations to Mr. Cunningham concerning the jewelry? If you answer question No. 1 in the affirmative, then you will answer this the second question.

(2) Did the defendant, Mr. Cunningham, rely upon these false representations in signing the contract?

The jury answered both questions in the affirmative and judgment was entered for the defendant.

### Opinion.

In the preparation for the trial of the case the appellant had taken the depositions of two of its employees, George R. Williams and Helen M. Hunter; the first named being the general manager of appellant, and its treasurer, and the other employed as head of the stock department of appellant, at the home of the appellant in Cleveland, Ohio. It was the duty of the witness Helen M. Hunter, as testified to by her, to personally supervise the shipping and filling of all orders received and accepted by the company; to assist in the buying and look after tests made of the goods received from the factory, and see the goods are up to the specifications. She testified that in filling appellee's order she used exactly the goods as called for in the order, on which an itemized list is printed, following the printed list item by item, and that the goods on the invoice answered exactly the description of the goods that were shipped to appellee as to kind, price, quality, and amount. The testimony of the witness Williams was substantially the same as that of Helen M. Hunter, as to the preparation of the order for shipment as to kind, prices, etc., and its identity with the items on the contract order.

In his argument appellee's attorney said to the jury:

"Plaintiff's office in Cleveland, Ohio, contained large numbers of ready-made depositions, such as these introduced in evidence by plaintiff, and that the depositions of plaintiff's witnesses, George R. Williams and Helen M. Hunter, as filed in this cause, were merely taken from such supply of depositions in plaintiff's office, and that plaintiff's ready-made, such as those filed in this case, make up a stock this high (indicating some five feet); that plaintiff has instituted hundreds of other lawsuits of the same nature as this for the purpose of enforcing the terms of their contracts, and in each of them had used the same depositions as used in this case, taken from such regular stock of such depositions in plaintiff's office."

Appellant excepted to the remarks on the ground that same were wholly outside the record and highly prejudicial. The court signed the bill of exception with a statement that, on exception to the remark by the attorney for appellant, appellee's attorney made a statement to the jury in explanation of his remark; but, as we view it, the explanation is about as objectionable as the remark itself, and is more an argument in its justification than in explanation, and with no suggestion of its withdrawal.

We need not discuss the merits of the case, but, because of the remark of counsel as above, the case is reversed and remanded.